**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HENRY B. BERROCAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00850 (UNA) |
| | ) | |
| | ) | |
| GOOGLE, et al,, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On June 12, 2026, the Court ordered Plaintiff Henry B. Berrocal to comply with D.C. Local Civil Rule 5.1(c)(1) and file a notice with his full residence address, or something similar. *See* Order, ECF No. 6. Plaintiff has since complied with that directive, *see* Notice, ECF No. 7. Accordingly, the Court may now review Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application (as to Berrocal only), and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues two Defendants, Google and Fiverr. *See* Compl. at 6. The latter is "an online professional marketplace used by Plaintiff for business communications, client relationships, and commercial transactions." *See id.* at 7. Plaintiff alleges that both Defendants have unfairly restricted his access to his personal Gmail account and a Gmail account associated with his non-profit organization, and his Fiverr account, respectively, and that they have both demanded "repeated verification" of his accounts by requesting information that he considers "excessive, contradictory, irrelevant, or impossible." *See id.* at 7–9. He asserts that his restricted access to these accounts, and his inability to access the information stored therein, has caused him to suffer

"economic damages, loss of intellectual property value, business interruption, emotional distress, and the ongoing risk of permanent data loss." *See id.* at 9. He brings conversion, contract and pseudo-contract, and copyright infringement claims, and he seeks damages and equitable relief. *See id.* at 9–11.

At the outset, the Court notes that Plaintiff attempts to bring this matter on behalf of his non-profit, Humanity for Wisdom, *see id*. at 1, 6–7, which he may not do, because "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[,]" and he is not licensed counsel, *see* 28 U.S.C. § 1654; *Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009). Nor may an entity proceed IFP, because a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993).

In any event and where Berrocal sues on his own behalf, he has nonetheless failed to state a claim. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*; *see Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim). Further, the IFP statute requires dismissal of a case "at any time" the court determines that a complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii). Here, even in affording Plaintiff "the benefit of all inferences that can be

derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), his Complaint fails to state an actionable claim.

First, Plaintiff has failed to state a conversion claim. He alleges only that he has been denied access to accounts that contain his information—he does not allege that Defendants have exerted "ownership, dominion, or control" over that information. *See O'Callaghan v. Dist. of Columbia*, 741 F. Supp. 273, 279 (D.D.C. 1990) (citing *Duggan v. Keto*, 554 A.2d 1126, 1137 (D.C.1989)); *see also, e.g.*, *Croy v. Google LLC*, No. 23-12106, 2024 WL 4251907, at *2 n.3 (E.D. Mich. Aug. 21, 2024) (finding that the plaintiff failed to state a conversion claim against Google where he alleged that Google was "preventing him from accessing his Referralrewards@gmail.com account 'by secretly disabling [his] access' to the account, not that Google ha[d] actually taken or used the alleged "Bitcoin information" contained therein."), *R&R adopted*, 2024 WL 4349185 (E.D. Mich. Sep. 30, 2024).

Second, Plaintiff's contract and quasi-contract claims also fall short. The Complaint contains only conclusory allegations, failing to sufficiently establish that either Defendant was contractually prohibited from restricting access to the accounts. *See Baker v. Google LLC*, No. 23-2013, 2024 WL 3551878, at *4 (D.D.C. 2024) (dismissing substantially claims against Google where the plaintiff submitted only conclusory statements that Google breached their contract by disabling her account and noting that Google's terms of service do not guarantee access to an account and, in fact, allow the company to suspend or terminate services for variety of reasons), *aff'd*, No. 24-7115, 2025 WL 817424 (D.C. Cir. Mar. 14, 2025) (per curiam); *Wescott v. Google, LLC*, No. 24-cv-01513, 2024 WL 3849345, at *2–3 (N.D. Cal. Aug. 15, 2024) (same). And, per Plaintiff's own admission, he did not follow the processes offered by the Defendants to recover the accounts at issue.

Finally, Plaintiff has failed to state a copyright infringement claim. "To plead copyright infringement, a plaintiff must allege plausible facts establishing his ownership of a registered copyright and 'that the defendant has taken enough original elements protected by that copyright to create a substantially similar copy.'" *Gill v. Fontana*, No. 25-03131, 2025 WL 377679, at *1 (D.D.C. Dec. 29, 2025) (quoting *Nichols v. Club for Growth Action*, 235 F. Supp.3d 289, 293 (D.D.C. 2017)). Plaintiff has not pleaded any such facts against either Defendant.

Accordingly, for all of the stated reasons, the Complaint, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 14, 2026

ك